UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN REED,
    Plaintiff

vs

NURSE CRAIG, et al.,
    Defendants

Case No. 1:11-cv-719

Dlott, J.
Litkovitz, M.J.

**ORDER AND REPORT AND RECOMMENDATION**

        Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

        In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the sua sponte dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding pro se, brings this action against the following medical personnel at SOCF: "Nurse Craig;" Dr. Bawazer; and Dr. "John Doe." Plaintiff alleges that Dr. Bawazer prescribed "Tegretol psychotropic pills" for plaintiff to take, which caused an allergic reaction damaging plaintiff's skin. Plaintiff states that "after months of complaining," he was "finally admitted to [a] hospital" for treatment. Plaintiff further avers that after he was discharged from the hospital and returned to SOCF, he experienced "follow-up . . . problems," but that Nurse Craig and Dr. John Doe "[r]efused to extend more treatment." Plaintiff claims that the "refusal of treatment has led to [a] lapse in [his] condition to near death and severe skin pigment & internal infections" that will last the rest of his life. Plaintiff also alleges that the prison "grievance procedure does not work," as demonstrated by the "bias, prejudice, crooked[ness], [and] favoritism" exhibited by prison officials when reviewing his "meritorious" claim. As relief, plaintiff seeks ten million dollars in damages.

First, to the extent that plaintiff complains about SOCF's grievance procedure, the complaint fails to state a claim for which relief may be granted because plaintiff has no federal

constitutional right to an effective prison grievance procedure. *See, e.g., Dearing v. Mahalma,* No. 1:11cv204, 2011 WL 3739029, at *7 (S.D. Ohio Aug. 24, 2011) (Barrett, J.) (holding that the plaintiff's allegations referring to "his dissatisfaction with the . . . investigation of [an] allegedly mishandled letter" through the prison grievance process did not state an actionable claim under 42 U.S.C. § 1983); *Williams v. Harris,* No. 1:11cv362, 2011 WL 3667438, at *3 (S.D. Ohio June 15, 2011) (Litkovitz, M.J.) (recommending dismissal of complaint against prison official responsible for responding to institutional grievances because the plaintiff had "no constitutional right to an effective grievance procedure"), *adopted*, 2011 WL 3667389 (S.D. Ohio Aug. 22, 2011) (Dlott, J.); *see also Walker v. Michigan Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) (and cases cited therein); *Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir. 2003) (and cases cited therein); *Overholt v. Unibase Data Entry, Inc.*, No. 98-3302, 2000 WL 799760, at *3 (6th Cir. June 14, 2000)).  In any event, plaintiff has not alleged any facts linking the named defendants to the processing of his grievance at SOCF.  Therefore, the portion of the complaint alleging deficiencies in the prison grievance procedure should be dismissed.

Second, plaintiff has alleged in the complaint that he was denied adequate medical care by the defendants.  In order to state a claim for relief under 42 U.S.C. § 1983 concerning a denial of medical care, plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs" in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A prisoner who is allowed to suffer needlessly through a denial of medical care when relief is available has a cause of action under the Eighth Amendment against an individual whose deliberate indifference caused the suffering.  Plaintiff

4

must allege that prison officials have denied his reasonable requests for medical care when such need is obvious, and when he is susceptible to undue suffering or threat of tangible residual injury. *Byrd v. Wilson*, 701 F.2d 592, 594 (6th Cir. 1983); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 106. Where medical assistance has been administered, such treatment must be so "woefully inadequate as to amount to no treatment at all" in order to give rise to a cause of action under § 1983. *Westlake*, 537 F.2d at 860-61 n.5.

Not every claim of inadequate medical treatment states an Eighth Amendment violation. *Estelle*, 429 U.S. at 105. Allegations of negligence in diagnosing or treating medical conditions are not actionable under § 1983. *Estelle*, 429 U.S. at 106; *Byrd*, 701 F.2d at 595 n.2; *Westlake*, 537 F.2d at 860-61 n.5. A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement, including proper medical care, only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see also Williams v. Mehra*, 186 F.3d 685, 691-92 (6th Cir. 1999) (en banc) (to be found liable under the Eighth Amendment, the prison official "must both be aware of facts from which the inference could be drawn that substantial risk of serious harm exists, and he must also draw that inference").

Liberally construed, plaintiff's allegation that defendants "Nurse Craig" and "Dr. John Doe" refused to provide him with medical treatment to address "follow-up problems," which led to a "lapse in [his] condition to near death and severe skin pigment & internal infections," states a claim for relief under the Eighth Amendment. This claim is deserving of further

development and may proceed at this juncture. *See* 28 U.S.C. § 1915(e)(2)(B).

However, plaintiff's allegations against Dr. Bawazer do not state a claim of an Eighth Amendment violation. Plaintiff has merely alleged that Dr. Bawazer prescribed a medication that caused plaintiff to have an allergic reaction damaging his skin. Plaintiff has alleged no facts to suggest that Dr. Bawazer was aware when prescribing the medication that it posed a significant risk to plaintiff's health or safety, or that Dr. Bawazer was involved in treating plaintiff's resulting skin condition. *Cf. Williams*, 186 F.3d at 692-93 (holding that to establish a case of "deliberate indifference" for prescribing a medication to a suicidal prisoner in pill form, the plaintiff had to show that the doctors "actually knew that dispensing [the] tablets in a pill line constituted an excessive risk to [the prisoner's] health or safety"). Nor does plaintiff allege any facts showing that Dr. Bawazer knowingly provided him with the wrong medication or knew plaintiff would suffer adverse side effects from the medication. Allegations that a prisoner experienced unanticipated side effects from a prescribed medication, without more, do not give rise to an Eighth Amendment violation for deliberate indifference to serious medical needs. *See Hall v. Nurse V.,* No. 1:09-cv-381, 2009 WL 2243781, 2 (S.D. Ohio July 23, 2009) (and cases cited therein).

At most, plaintiff's allegations may give rise to a claim of negligence on the part of Dr. Bawazer in prescribing the psychiatric medication to plaintiff. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Westlake*, 537 F.2d at 860 n. 5; *see also Thomas v. Rochell,* 47 F. App'x 315, 317 (6th Cir. 2002) (holding that a "prisoner has no remedy under § 1983 to pursue

tort" and medical malpractice claims against prison doctors).  It is well-settled that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429 U.S. at 106.  "[A]n inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Estelle,* 429 U.S. at 105-106.  Plaintiff's allegations may give rise to an inference of negligent treatment by Dr. Bawazer, but without more, the Court is unable to conclude that plaintiff's complaint states a claim for relief under the Eighth Amendment for deliberate indifference to plaintiff's serious medical needs.  Therefore, the complaint against Dr. Bawazer should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's claims against Dr. Bawazer and claims challenging the prison grievance procedure be **DISMISSED** on the ground that they fail to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the Complaint, summons, the separate Order issued this date granting prisoner *in forma pauperis* status, and this Order and Report and Recommendation upon defendants "Nurse Craig" and "Dr. John Doe" as directed by plaintiff.  All costs of service shall be advanced by the United States.

2.  Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for

consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court.

      3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date:  10/20/2011                s/Karen L. Litkovitz
                                           Karen L. Litkovitz
                                           United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN REED,
    Plaintiff

vs

NURSE CRAIG, et al.,
    Defendants

Case No. 1:11-cv-719

Dlott, J.
Litkovitz

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).