## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JOHN REED,  
    Plaintiff,

Case No. 1:11-cv-00719  
Dlott, J.  
Litkovitz, M.J.

vs

NURSE CRAIG, et al.,  
    Defendants

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff John Reed, an inmate at the Southern Ohio Correctional Facility, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the Court on plaintiff's (1) motion for default judgment, (2) motion to appoint counsel, and (3) motion to waive the required number of copies. (Docs 12, 13, 14).

### I. Procedural History

Plaintiff filed the original complaint in this action on October 13, 2011, asserting a violation of his constitutional rights. Plaintiff names Nurse Craig, Dr. Bawazer and Dr. John Doe as defendants and seeks $10,000,000.00 in relief. (Doc. 3). Following a sua sponte review of the complaint under 28 U.S.C. § 1915(e)(2)(B), the Court dismissed plaintiff's claims against Dr. Bawazer on the ground that the complaint failed to state a claim upon which relief may be granted.[1] (Doc. 10). The Court permitted the action to proceed against defendants Craig and Doe and ordered service of the complaint and summons on these defendants. (Doc. 5). On December 22, 2011, service of process on Craig and Doe was returned unexecuted. (Doc. 11). On December

---

[1] Plaintiff appealed from the order dismissing Dr. Bawazar from the suit. The appeal has since been dismissed by the Sixth Circuit Court of Appeals as an improper interlocutory appeal. (Doc. 27)

30, 2011, plaintiff filed the three motions pending before the Court. (Docs. 12, 13, 14). On January 27, 2012, the Court ordered the U.S. Marshal to re-serve a copy of the complaint and summons form on defendants Nurse Craig and Dr. John Doe as directed by plaintiff. (Doc. 18). The summons were returned unexecuted on February 3, 2012. (Doc. 24).

## II. Plaintiff's Motion to Appoint Counsel

Plaintiff moves for appointment of counsel citing his mental health issues, incarceration, level of education, and need for representation should this matter proceed to trial. (Doc. 13). The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id.* at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. Therefore plaintiff's motion for appointment of counsel is denied.

## III. Plaintiff's Motion for Default Judgment

Plaintiff moves for default judgment against defendants Craig and Doe due to defendants' failure to plead or otherwise defend against the complaint. (Doc. 12). Plaintiff contends that the record shows the U.S. Marshal served defendants with a copy of the summons and complaint on October 13, 2011, and defendants have failed to file an answer or otherwise respond. (*Id.*).

However, the record actually shows that although summons have twice been issued for defendants Craig and Doe (Doc. 5; 01/27/12 Docket Entry), both times the summons were returned unexecuted. (Docs. 11, 24). Because the record does not reflect that defendants were served with summons and a copy of the complaint as required by Fed. R. Civ. P. 4(c)(1), the time period for filing an answer has not begun to run as to defendants Craig and Doe. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (a defendant must serve an answer within 21 days after being served with the summons and complaint). Therefore, default judgment against either defendant is not appropriate.

### IV. Plaintiff's Motion to Waive Required Number of Copies

Plaintiff moves the Court to waive the required number of copies for both the motion for default judgment and the motion to appoint counsel. (Doc. 14). Because this Court has recommended denial of the first motion and has denied the second, the motion to waive the required number of copies is denied as moot.

### IT IS THEREFORE RECOMMENDED THAT:

(1) Plaintiff's motion for default judgment (Doc. 12) be **DENIED**.

### IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's motion for appointment of counsel (Doc. 13) is **DENIED**.

(2) Plaintiff's miscellaneous motion to waive the required number of copies for plaintiff's motion for default judgment and motion to appoint counsel (Doc. 14) is **DENIED** as moot.

Date: 6/13/12

Karen L. Litkovitz
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN REED,
    Plaintiff,

vs

NURSE CRAIG, et al.,
    Defendants.

Case No. 1:11-cv-00719
Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☑ Agent<br>☐ Addressee |
| | B. Received by (*Printed Name*) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>John Reed # 538-582<br>SOCF<br>PO Box 45699<br>Lucasville, OH 45699 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (*Extra Fee*) ☐ Yes | |
| 2. Article Number<br>(*Transfer from service label*) | 7003 2260 0002 6723 4910 | |
| PS Form 3811, February 2004 | Domestic Return Receipt | 102595-02-M-1540 |