UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN REED,
    Plaintiff,

vs.

NURSE CRAIG, et al.,
    Defendants.

Case No. 1:11-cv-719
Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff John Reed, an inmate at the Southern Ohio Correctional Facility, filed this action pro se pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. On June 13, 2012, the Court ordered plaintiff to show cause, in writing and within 20 days, why the complaint against defendants Nurse Craig and John Doe should not be dismissed for failure of service.[1] (Doc. 28). The matter is before the Court on plaintiff's response to the Court's Show Cause Order (Doc. 32) and on plaintiff's motion for appointment of counsel, for an extension of time to file a response to the Court's Show Cause Order, and for other miscellaneous relief[2]. (Doc. 31).

In his response to the Court's Show Cause Order, plaintiff states that he has complied with the rules of the Court by twice attempting to serve defendants with copies of the summons and complaint through the U.S. Marshal, and it would be an abuse of discretion for the Court to hold him accountable for defendants' evasive actions. In the alternative to dismissing this action at this juncture, plaintiff asks the Court to stay the proceedings, order the U.S. Marshal to

---

[1] Plaintiff named a third defendant, Dr. Bawazer, in his complaint, but this defendant has since been dismissed from the lawsuit. (Doc. 10).

[2] It is not clear from the motion, which consists of 19 pages of largely incoherent ramblings and 31 pages of attachments, what additional miscellaneous relief plaintiff seeks.

personally serve the defendants at the address plaintiff has provided, and then dismiss the case if personal service is not obtained.

Plaintiff has failed to show good cause why the complaint against defendants Nurse Craig and John Doe should not be dismissed for failure of service. The U.S. Marshal has twice unsuccessfully attempted to serve the summons and complaint on defendants Nurse Craig and John Doe as directed by plaintiff. (Docs. 11, 24). Plaintiff has not shown that defendants have purposefully evaded service of process. Nor has plaintiff provided new addresses for these defendants. Thus, dismissal of the complaint without prejudice for failure to timely serve defendants Nurse Craig and John Doe is warranted. Fed. R. Civ. P. 4(m). *See also Henderson v. United States*, 517 U.S. 654, 662-63 (1996).

**IT IS THEREFORE RECOMMENDED THAT**:

1) Plaintiff's case be DISMISSED without prejudice pursuant to Rule 4(m) for lack of prosecution and this matter be terminated on the docket of the Court.

2) Plaintiff's motion to appoint counsel, for an extension of time to file a response to the Court's Show Cause Order, and for other miscellaneous relief (Doc. 31) be DENIED as moot.

Date: 7/2/12

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN REED,
    Plaintiff,

vs.

NURSE CRAIG, *et al.*,
    Defendants

Case No. 1:11-cv-719
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ✓ ☒ Agent ☐ Addressee<br>B. Received by (Printed Name) \| C. Date of Delivery |
| 1. Article Addressed to:<br><br>John Reed 538-582<br>SOCF<br>PO Box 45699<br>Lucasville, OH 45699 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 9098 |

2811 February 2004     Domestic Return Receipt     102595-02-M-1540